JS - 6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3220 | **DATE** | 9/13/2002 |
| **CASE TITLE** | Shirazi vs. USA | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for the return of certain property is granted in part and denied in part. It is denied with respect to the Ford Econoline Van, the $2,200 in cash and all items that plaintiff used in connection with the offenses or to facilitate the offenses. It is granted with respect to the Hewlett Packard palm PC, the computer modem and computer disks seized from his room at the Motel 6.

(11) ■ [For further detail see order attached to the original minute order.

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | SEP 1 6 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 5 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| TH | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

| | | |
|---|---|---|
| SALEEM SHIRAZI | ) | |
| | ) | No. 02 C 3220 |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**DOCKETED**

**SEP 1 6 2002**

## MEMORANDUM OPINION AND ORDER

Saleem Shirazi pled guilty to conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371. Defendant' offense related to the possession of counterfeit traveler's checks, unauthorized and counterfeit credit cards and stolen credit card account numbers. On March 5, 2002, Shirazi was sentenced to sixty months in prison. Plaintiff Shirazi now seeks the return certain personal property that the Glenview Police Department seized in connection with his arrest and that the government seized during the search of a hotel room where Shirazi had stayed. The government agrees to return some of the property and objects to the return of other items.

### FACTUAL BACKGROUND

The Glenview Police Department arrested Shirazi on October 17, 2000 on charges of possession of a controlled substance and unlawful possession of a firearm by a felon. The arresting officers took Shirazi into custody and detained him at the Cook County Jail. They forfeited a Ford Econoline van with license plate number T227287 and $2,200 in cash. The federal government was not involved in the initial arrest.

The Glenveiw Police Department subsequently contacted the U.S. Secret Service and informed them of what appeared to be counterfeit Visa traveler's checks in Shirazi's motel room at the Motel 6 in Glenview, Illinois. Secret Service agents thereafter inspected and took custody of the evidence that appeared to relate to counterfeit traveler's checks and credit card fraud, including two computers, a magnetic card reader, counterfeit traveler's checks and counterfeit credit cards. The government charged Shirazi with offenses relating to the possession of counterfeit traveler's checks, unauthorized and counterfeit credit cards and stolen credit card account numbers. Shirazi pled guilty and was sentenced to 60 months imprisonment.

### LEGAL STANDARD

Rule 41(e) provides for the return of property seized by the government "on the ground that such person is entitled to lawful possession of the property." Because Shirazi brought this motion post conviction, it is considered as a civil equitable proceeding. *See United States v. Solis*, 108 F.3d 722 (7th Cir. 1997). "[T]he test of whether property should be returned is whether the government's retention of it is reasonable...." *In re Serach of Office of Tylman*, 245 F.3d 978,

5

980 (7th Cir. 2001). *See also* Advisory Committee Notes to Federal Rule of Criminal Procedure 41(e).

## ANALYSIS

Shirazi specifically identifies the follow items to return: a Ford Econoline van with license plate number T227287, $2,200 in cash, "various papers and documents," his "clothes, shoes, Aiwa boom box, whether [sic] scanner, personal photographs, personal phone directory, book with business information, personal digital assistance by Hewlett Packard, digital phone directory, several sets of keys [and] cellular phone." He generally notes that he also is seeking the return of "many more personal items," but fails to identify them.

I.     Property Not in the Government's Possession

Many of the items Shirazi seeks are not, and have never been, in the actual or constructive possession of the United States. The evidence shows that the Glenview Police Department seized the Ford Econoline Van and the $2,200 when they arrested Shirazi. They subsequently forfeited these items. In addition, the Glencoe Police Department seized Shirazi's personal items such as his clothes when they arrested them. The government never obtained custody of these items. Finally, the Motel 6 where Shirazi had been staying obtained and subsequently disposed of his personal items, such as his clothes and luggage, that were left in the Motel 6 room. Because the United States never possessed these items, the Court has no jurisdiction over them. *See Solis*, 108 F.3d at 722-23. Accordingly, Shirazi's motion fails with respect to those items.

II.     Property in the Government's Possession

The government does have certain property in its possession that the Secret Service seized from Shirazi's Motel 6 room. The government has set forth this property in detail in the inventory sheets attached to the affidavit of U.S. Secret Service Special Agent Andrise. Such property essentially consists of two computers, a magnetic card reader, a Hewlett Packard palm PC, a computer modem, computer disks, counterfeit traveler's checks, credit cards and false identifications and various papers. Shirazi used the majority of this property, including the computers where he stored files containing stolen credit card numbers, to facilitate his criminal activities. He is not entitled to the return of the instrument of his crime. *See Leiva v. United States*, 1994 WL 55689 at *2-3 (N.D. IL Feb. 22, 1994).

With respect to the other items that Shirazi did not use to carry out his criminal activities, including the Hewlett Packard palm PC, the computer modem and computer disks, the government has agreed to return this property to Shirazi. Given that Shirazi is serving his prison term, Shirazi should communicate through his attorney where the government should send such items.

**CONCLUSION**

Shirazi's motion for the return of certain property is granted in part and denied in part. It is denied with respect to the Ford Econoline Van, the $2,200 in cash and all items that Shirazi used in connection with the offenses or to facilitate the offenses. It is granted with respect to the Hewlett Packard palm PC, the computer modem and computer disks seized from his room at the Motel 6.

Dated: Sept. 13, 2002

ENTERED:

Amy J. St. Eve
U.S. District Court Judge









# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4660 | **DATE** | 9/11/2002 |
| **CASE TITLE** | Construction & General Labs vs. Roeback | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiffs' motion for judgment by default is granted. Enter final order. Judgment is entered in favor of plaintiffs and against Roeback Masonry, Inc. and Charles Roeback, for the total amount of $4,285.03. The Court retains jurisdiction of this case to resolve any disputes concerning compliance with order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 4 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Minute Order Form (06/97)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, | ) ) ) |
| Plaintiff, | ) Case No. 02 C 4660 ) Judge Marovich |
| v. | ) Magistrate Judge Keys ) |
| ROEBACK MASONRY, INC. and CHARLES ROEBACK, individually | ) ) ) |
| Defendants. | ) ) |

SEP 1 ~ 200~

## ORDER

This matter came before the Court on Plaintiffs' motion for judgment by default and entry of final order. The Court has examined the Plaintiffs' submissions and is fully informed. It appears that good cause exists for granting Plaintiffs' motion:

It is therefore ORDERED as follows:

1. ROEBACK MASONRY, INC. and CHARLES ROEBACK, jointly and severally, shall pay to Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity $2,718.85 in unpaid working dues, interest and liquidated damages;

2. ROEBACK MASONRY, INC. and CHARLES ROEBACK, jointly and severally, shall pay to Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity $353.05 in unpaid Cooperation Committee contributions, interest and liquidated damages;

3. ROEBACK MASONRY, INC. and CHARLES ROEBACK jointly and severally, shall pay to Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity $1,213.13 consisting of $999.00 in attorneys and $214.13 in costs.

4. ROEBACK MASONRY, INC. shall remit all working dues and Cooperation

4

Committee contributions and file all remittance reports required under the collective bargaining agreement in the future.

5.    Judgment is entered in favor of Plaintiffs and against ROEBACK MASONRY, INC. and CHARLES ROEBACK, for the total amount of $4,285.03.

6.    The Court retains jurisdiction of this case to resolve any disputes concerning compliance with this Order.

Dated: _9/11/02_    _____
Honorable Judge George M. Marovich

C:\RCV's Work Documents\LDC-Collection\Roeback Masonry 107-29\Order.MFDJwpd.wpd

2







# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4720 | **DATE** | 9/13/2002 |
| **CASE TITLE** | | Babel vs. Ashcroft, et al | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 10/01/2002 at 10:00 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Initial Status Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | 2 | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | SEP 1 6 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 3 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 9/13/02 | |
| | | | | date mailed notice | |
| | TH ✓  courtroom deputy's initials | | Date/time received in central Clerk's Office | th  mailing deputy initials | |

**DOCKETED**

*SEP 1 6 2002*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BABEL, et al.,                    )
                                  )
            Plaintiffs,           )       No. 02 C 04720
                                  )
        v.                        )       Judge Amy J. St. Eve
                                  )
ASHCROFT, et al.,                 )
                                  )
            Defendants.           )

**ORDER SETTING STATUS REPORT
FOR CASES NEWLY ASSIGNED TO
JUDGE ST. EVE**

This case has been assigned to the calendar of Judge Amy J. St. Eve. To assist the court in acquiring the requisite knowledge of the case, it is hereby ordered:

1.    Within 14 days of the date of this order, counsel are to confer, prepare and file one original and two copies of a joint status report, not to exceed five pages, with courtesy copy submitted to Chambers. If defendant's counsel has not yet filed an appearance, the status report should be prepared by plaintiff's counsel. The report shall provide the following information in the following format:

        A.    <u>Nature of the Case</u>

            -    Bases for federal jurisdiction.

            -    The nature of the claims and counterclaims.

            -    Relief sought by plaintiff, including computation of claimed damages, if available.

            -    Names of any parties that have not been served.



- Principal legal issues.

- Principal factual issues.

B. <u>Discovery Issues</u>

- A brief description of all pending motions, including the date the motion was filed and the briefing schedule.

- A brief description of any discovery that has been taken, any discovery that remains to be taken, and any discovery schedules that have been set.

- A brief description of all substantive rulings that have been issued in the case.

- All anticipated motions.

- Attach any previously filed written status reports.

C. <u>Trial Status</u>

- Whether or not a jury has been requested.

- Probable length of the trial.

D. <u>Settlement Status</u>

- The status of any settlement discussions that have been held.

2. This matter is set for a status conference on <u>Oct. 1</u>, 2002, at <u>10:00</u> <u>a</u> .m. The principal trial attorney for each party shall appear at that time prepared to discuss all aspects of the case. Any previously set date for a status report is hereby vacated.

DATED: <u>September 13, 2002</u>    ENTERED:

AMY J. ST. EVE
United States District Judge

2